BURT *v.* COLLINS *et ux.*

(*Circuit Court, N. D. Illinois.* July 22, 1889.)

1. QUIETING TITLE—FRAUDULENT JUDGMENT AT LAW.
   A bill in equity to establish a title acquired by purchase at an execution sale under a judgment by default in complainant's favor will not be entertained where the proof shows that the debt on which the judgment was obtained had been fully paid before the commencement of the action.

2. SAME—UNCONSCIONABLE SALE UNDER EXECUTION.
   It is an additional reason for dismissing such a bill that the execution, which was for but $1,000, was levied upon two separate parcels of land, worth in the aggregate $25,000, and both parcels sold together and bid in by complainant for the amount of the judgment.

In Equity. Bill to remove cloud from title. On exceptions to master's report.

*E. A. Sherburne,* for complainant.

*P. McHugh,* for defendants.

BLODGETT, J., (*orally.*)  In this case the master has filed a report finding that the complainant's bill is not supported by the proof, and that it should be dismissed for want of equity.  The complainant has filed exceptions to the master's findings, and these exceptions have been argued at length in a brief filed in behalf of complainant.  Without discussing at length the proofs in the case, I will briefly say that an examination of the proof satisfies me with the findings of the master.  The master has traveled over an unnecessary area of ground in coming to his conclusions, but he finds that the proof on the part of the complainant, inasmuch as the complainant has the burden of proof, is not sufficient to entitle the complainant to the relief prayed for, and recommends that the bill be dismissed.  I am of opinion that other reasons might be urged in support of the master's findings aside from those he has discussed in his report.  The bill is for removing what the complainant calls a cloud upon his title to certain real estate in this city,—two separate pieces,—the title of the complainant having been acquired by the issue of a writ of attachment against the defendant Thomas F. Collins, as a non-resident of Illinois, to collect the sum of about $905, alleged to be due and owing from said Thomas F. Collins to the complainant. The attachment was levied upon these two pieces of real estate, and with no personal service of process, and no appearance in the case on the part of the defendant Collins, jurisdiction was obtained by the publication of notice pursuant to the attachment laws of Illinois, and judgment taken by default, and an order for a special execution for the sale of the property levied upon.  At the sale under this execution complainant became the purchaser, and now seeks to obtain a decree that the title to this property, which is in the name of the defendant Mrs. Collins, was held by her solely in trust for her husband at the time of such levy and sale, and that her husband, the defendant Thomas F. Collins, was at the time of such levy, judgment, and sale the real and equitable owner of said property.

The testimony in the case shows some very questionable transactions between Collins and the complainant in regard to dealings in certain gas company bonds; that out of such dealings grew the issue to the complainant of a due-bill for $905, upon which the attachment suit was brought.  The answer denies that there was anything due complainant on this due-bill at the time this attachment suit was brought, and a clear preponderance of the proof, I think, supports this denial; as two witnesses testify to the full payment of this due-bill, and complainant alone testifies that it is unpaid.

I take it that the law is well settled that no one who is not an actual and *bona fide* creditor can have relief in a court of equity in a case like this.  There must be an actual, valid indebtedness as the foundation of an attachment proceeding like the one in question to give the plaintiff a standing in a court of equity to ask for a perfection of his title acquired by such attachment.  With a note or due-bill in his hands he might impose upon a court of law by the production of his evidence of debt as the foundation of his attachment suit, and obtain a judgment there; but

when he seeks for relief in a court of equity he must come in with clean hands and an honest case, which I think the testimony shows this complainant has not. *Secondly.* He sold in satisfaction of the judgment, which amounted to a little over $1,000, including interest and costs, two separate pieces of property in different parts of the city, with no relation to each other, one worth $15,000 and the other $10,000, as the proof shows; thus acquiring, if Thomas F. Collins was the real owner, $25,000 worth of property to satisfy an indebtedness of barely $1,000. The two properties were certainly divisible, and perhaps each one of them was also susceptible of further division, and the attempt of the complainant to obtain title to so large an amount of property for so small a consideration seems to me so unconscionable a proceeding as to merit no aid from a court of equity.

For these reasons the exceptions to the master's report are overruled, the report confirmed, and the bill dismissed for want of equity.